UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re<br>PAMELA LACHER<br><br>Debtor.<br><br>PAMELA LACHER<br>Appellant,<br>v.<br>JON LANE and SUE LANE,<br>Appellees. | Case No.: 26-cv-3028-BJC-DDL<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF NO. 4]** |

Appellant Pamela Gayle Lacher ("Appellant") is seeking to proceed with a bankruptcy appeal, which has been referred to the Bankruptcy Appellate Panel of the Ninth Circuit. ECF No. 1. All parties instituting a bankruptcy appeal must pay a filing fee of $298, see Fed. R. Bankr. P. 8003(a)(3)(C) ("The notice of appeal must . . . be accompanied by the prescribed filing fee."); 28 U.S.C. § 1930(c) ($5 appeal fee); Bankruptcy Court Miscellaneous Fee Schedule item 14 ($293 for appeal), unless they are granted leave to

proceed in forma pauperis ("IFP"). See 28 U.S.C. § 1915(a). Plaintiff has not paid the filing fee.

On May 19, 2026, the Court issued an Order requiring payment of the filing fee or a Motion to Proceed In Forma Pauperis. ECF No. 2. On May 22, 2026, Appellant filed a "Response to Order to Show Cause" which included a request to proceed in forma pauperis ("IFP"). ECF No 4.

Title 28 U.S.C. § 1915(a) provides, in pertinent part, that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets [the therefor, by a person who submits an affidavit that includes a statement of all assets [the person] possesses," and that the person is unable to pay such fees. "An affidavit in support of an [application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees,* 787 F.3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." Id. (internal quotation marks omitted). The granting or denial of leave to proceed IFP in civil cases is within the sound discretion of the district court. *Venerable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) (citations omitted).

The Court has reviewed Appellant's affidavit in support of her IFP Motion and finds that she has made the showing required by 28 U.S.C. § 1915(a) to proceed without the prepayment of fees. Appellant reports an average monthly income of $1,863.00, derived entirely from Social Security benefits received following her father's death. ECF No. 4 at 3. According to Appellant, she supports herself and her mother with these benefits. *Id.* at 4. Appellant states that her monthly expenses are $4,215.98 and that she has no funds in any checking or savings accounts. *Id.* at 6-7. She asserts that her relatives help her with living expenses. *Id.* at 6. Based on Appellant's income, expenses, and bank accounts, it appears that she does not have funds to pay the filing fee and still "afford the necessities of life." *Escobedo*, 787 F.3d at 1234.

Accordingly, Appellant's application to proceed in forma pauperis and without the prepayment of fees is **GRANTED**.

**IT IS SO ORDERED.**

Dated: September 30, 2026

Honorable Benjamin J. Cheeks
United States District Judge